On petitioner's bill of costs and disbursements filed August 7, no costs allowed
November 28, 1984

NICHOLS,
*Petitioner,*

*v.*

ADULT AND FAMILY SERVICES DIVISION,
*Respondent.*

(5-2201-AK4540-6; CA A30823)

691 P2d 518

Stephen J. R. Shepard, Lane County Legal Aid Service, Eugene, for the statement.

Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Margaret E. Rabin, Assistant Attorney General, Salem, appeared contra.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

This matter is before the court on respondent's opposition to petitioner's statement of costs and disbursements. The issue is whether, after dismissal of a petition for judicial review in a contested case under the Administrative Procedures Act (ORS chapter 183), the petitioner is entitled to recover costs and disbursements as a prevailing party. We conclude that he is not.

Petitioner sought judicial review pursuant to ORS 183.480 of a final order of the Adult and Family Services Division that found him to be no longer eligible for General Assistance. After he had filed his opening brief, AFSD withdrew its order for purposes of reconsideration and issued a revised order, reversing its earlier decision and restoring to petitioner the benefits he claimed. After the revised order on reconsideration had been filed in this court, the Records Administrator advised petitioner's counsel: "If an amended petition for judicial review is not filed on or before August 20, 1984, the petition will be dismissed for lack of prosecution * * *." By letter dated August 14, petitioner's counsel responded, "[W]e have no objection to the Petition being dismissed." We deemed that letter to be a motion to dismiss and allowed it.

Petitioner relies on ORAP 11.05 and ORS 21.010 as support for his claim that he is the prevailing party and is entitled to recover costs. They are inapposite to this determination.

Petitioner does not cite ORS 183.495 or 183.497, which we conclude are the applicable statutes governing the award of costs on petitions for judicial review filed pursuant to ORS 183.480. ORS 183.495 allows the reviewing court to award costs when it "reverses or remands" an agency order. Because this court has neither reversed nor remanded the agency order, costs are not recoverable under that statute. ORS 183.497 provides that "the court shall allow a petitioner recoverable attorney fees and expenses if.the court finds in favor of the petitioner and determines that the * * * agency acted without a reasonable basis in fact or in law." We did not make any finding "in favor of the petitioner" or determine that AFSD acted without a reasonable basis in fact or in law.

Therefore, petitioner cannot recover costs under ORS 183.497.

Because recovery of costs in contested cases under ORS Chapter 183 is limited to those situations encompassed by ORS 183.495 and 183.497, one whose petition for judicial review is dismissed is not entitled to recover costs, even though after he has filed the petition the agency reconsiders and reverses the order he sought to have reviewed.

No costs allowed.